

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WAYNE LEWIS,

    Plaintiff,

v.                                                                                                                            Civil Action No. 3:10CV440

HARLEY G. LAPPIN,

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a former federal inmate, brings this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim
Plaintiff filed this civil rights action seeking an award of $500. The Bureau of Prisons, Plaintiff alleges, gives this amount as a "release gratuity" to all indigent prisoners preparing for release back into the community. Plaintiff, however, was approved to receive only $50 upon his release.

### Analysis
"In order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right." *Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (footnote omitted) (*citing Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Here, Plaintiff fails to identify what federal constitutional right was allegedly violated.

Plaintiff's complaint is based on the assumption that Defendant violated Plaintiff's right to a $500 release gratuity. (Compl. 3.) The complaint does not

2

implicate Plaintiff's constitutional rights because Plaintiff has "no entitlement, constitutional or otherwise, to ... a release gratuity." *United States v. Lemoine*, 546 F.3d 1042, 1049 (9th Cir. 2008); *see also Kitchens v. Francis*, No. 1:09cv795 (AJT/IDD), 2010 WL 668638, at *2 (E.D. Va. Feb. 19, 2010) (citing cases holding that prisoners do not enjoy a constitutional right to release gratuities).[2] Accordingly, Plaintiff fails to state a claim upon which relief can be granted under *Bivens*. 28 U.S.C. § 1915(e)(2)(B)(ii). It is RECOMMENDED that the action be DISMISSED.

(Apr. 11, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. On April 15, 2011, the Court received Plaintiff's objection.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*,

---

[2] *See Larson v. United States*, No. 09-CV-074-KKC, 2009 WL 2382371, at *6-7 (E.D. Ky. July 30, 2009). In *Larson*, the Eastern District of Kentucky held:

> The law governing these gratuities is clear and uncomplicated. The terms of the statute provide that the maximum sum which a prisoner may be given is $500, and also provide that a prisoner may be denied any sum at all. 18 U.S.C.A. § 3624(d)(2). Most importantly, the statute leaves the amount of the gratuity to be "determined by the Director to be consistent with the needs of the offender and the public interest." *Id.* Similarly, the [Bureau of Prisons] regulation implementing the statute refers to the "funds" as "a discretionary gratuity." 28 U.S.C. § 571.20.
>
> Therefore, there is no question that the decision for each out-going prisoner is discretionary, must be made by the [Bureau of Prisons], must be independently set for each prisoner, and can be in any amount up to the $500 maximum. The courts addressing the issue agree.

*Larson*, 2009 WL 2382371, at *6-7 (*citing Kenan v. Francis*, No. 2:05-cv-76, 2006 WL 3900109, at *5 (N.D. W. Va. June 13, 2006); *Morrow v. Rios*, No. 08-320 (JRT/RLE), 2009 WL 924525, at *14 (D. Minn. Mar. 31, 2009)); *see also Morrow*, 2009 WL 924525, at *14 ("[T]he Respondent's decision, as to whether to grant a prisoner a release gratuity, is purely discretionary.").

3

423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

Plaintiff's objection reads as follows:

Dear Clerk:

    I, object to the Report and Recommendation filed April 11, 2011 The Bureau of Prison policy say legally that if indigent release gratuity is $500 dollars.

Thank You,

Ronald W. Lewis

(Obj. (Docket No. 13) (capitalization corrected) (all errors in original).) The Court concludes that Plaintiff's response to the Report and Recommendation is tantamount to failing to object at all. *United States v. Wearing*, No. 3:04-cr-00092, 2011 WL 918343, at *2 (W.D. Va. Mar. 15, 2011) ("General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as

4

a failure to object." (*citing Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008))). Nevertheless, the Court has fully considered Plaintiff's response and agrees with the Magistrate Judge's Report and Recommendation. Plaintiff's objection will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-13-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge